UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re ) | | |
| ) | | |
| SCOTT D. TORONYI ) | | Chapter 7 |
| ) | | |
| Debtor. ) | | Case No. 10 B 16175 |
| ) | | |
| MELISSA J. CARLSON-TORONYI, ) | | |
| ) | | |
| Plaintiff, ) | | |
| ) | | |
| v. ) | | Adv. No. 10 A 1541 |
| ) | | |
| SCOTT D. TORONYI, ) | | |
| ) | | |
| Debtor-Defendant ) | | Honorable Jacqueline P. Cox |
| ) | | |

## MEMORANDUM OPINION

Ms. Melissa Carlson-Toronyi ("Ms. Carlson"), the plaintiff herein, seeks a determination that Debtor's obligation to repay certain Marital Loans is subject to the §§ 523(a)(5) and 523(a)(15) exceptions to discharge, and must not be discharged. For the reasons that follow, the Court declines to find that such debts are excepted from discharge.

### I. Jurisdiction

The Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I).

### II. Facts and Background

Plaintiff, Melissa Carlson-Toronyi ("Ms. Toronyi") is the ex-wife of the Debtor-Defendant, Scott D. Toronyi ("Debtor," and together "the Parties"). Debtor and Ms. Toronyi were married on August 14, 1993 and divorced on September 2, 2009. During the course of the marriage, the mother of Ms. Toronyi, and former mother-in-law of the Debtor, Ms. Lorraine E. Carlson ("Ms. Carlson") loaned the Debtor and Ms. Toronyi $76,827.29 for renovations to the marital home (the "Marital Loans"). The Marital Loans are uncontested obligations of the Debtor and Ms. Toronyi.

On September 2, 2009, a judgment for dissolution of marriage ("Judgment for Dissolution") was entered in the Circuit Court of the Eighteenth Judicial Circuit, DuPage County, Wheaton, Illinois.

Neither the Debtor nor Ms. Toronyi was represented by counsel in the divorce proceedings.

The Judgment for Dissolution provides in relevant part that the "marital debt to Lorraine Carlson is $76,827.29 as presented to the Court with documentation . . . and is divided 50-50, between the parties or $38,413.65. Adv. No. 10-1541, dkt. no. 1, p. 8.

On July 27, 2010, Ms. Toronyi filed Adversary Proceeding No. 10-1541, alleging in part that certain domestic support and divorce obligations were not dischargeable pursuant to 11 U.S.C. §§ 523(a)(5) and (a)(15).

Ms. Toronyi voluntarily withdrew Counts I and III of her complaint. The Parties have agreed that certain of the obligations set forth in Count II of the Complaint related to the Judgment for Dissolution are not dischargeable pursuant to section 523. Therefore, the only issue that remains is whether the Debtor's obligation to pay Ms. Carlson in connection with the Marital Loans is subject to the section 523(a)(15) exception to discharge.

At the May 25, 2011 trial on Adversary Proceeding No.10-1541, Ms. Toronyi testified that both she and the Debtor borrowed money from Ms. Carlson in connection with plans to renovate the marital home. Ms. Carlson made a series of loans in the form of checks and cash, for a total of $76,827.29.

Ms. Toronyi testified that after the renovations were complete, she and the Debtor planned to sell the home. The testimony of Ms. Toronyi and the Debtor revealed that the proceeds from the sale of the marital home were to be used to repay the Marital Loans. However, the home was never sold.

### III. Discussion

As provided in 11 U.S.C. § 523:

(a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title does not discharge an individual from any debt -

> (5) for a domestic support obligation;
> AND
> (15) to a spouse, former spouse, or child of the debtor and not of the kind
> described in paragraph (5) that is incurred in the course of a divorce or separation

or in connection with a separation agreement, divorce decree or other order of a court of record, or a determination made in accordance with State or territorial law by a governmental unit.

Section 523(a)(5) is not applicable here, as the Marital Loan is not in the nature of alimony, maintenance or support. *See In re Hegerty*, 227 B.R. 852, 856 (Bankr. S.D. Ind.1998).

As to section 523(a)(15), Ms. Toronyi has not established that the Debtor's obligation to pay $38,413.65 to Ms. Carlson is a debt "owed to a spouse." Further, the language set forth in ¶ 4 of the Judgment for Dissolution does not address whether the Debtor or Ms. Toronyi would be liable on the entire debt in the event either party fails to satisfy their obligation on the Marital Loans.

In addition, the Court will not except the Marital Loans from discharge because it was the parties' agreement and understanding that it would be paid from proceeds from the sale of the Toronyis' marital home.

Judgment is entered against Plaintiff, Melissa J. Carlson-Toronyi; judgment is entered in favor of the Defendant, Scott D. Toronyi. The debt owing to Loraine E. Carlson will be discharged upon the entry of the general discharge.

Scott D. Toronyi's obligation to pay child support and spousal support continue; those obligations are not discharged.

**Dated: June 6, 2011**                         ENTERED:

_____
Jacqueline P. Cox
United States Bankruptcy Judge